Zander v. Feely.

---

## Edward W. Zander
### v.
## Mary E. Feely.

*Guardian and Ward.*

1. A guardian may not use the estate of his ward for his individual profit.

2. A party can not recover upon a contract wherein a guardian who owned a certain interest in land of which his ward was part owner, agreed to institute and carry through court, proceedings necessary to the consummation of an exchange of such property, for property owned by such party, where it appears that the guardian would have derived benefit therefrom, he refusing to fulfill his agreement.

3. Such contract would be void as fraudulent, although the guardian would not be benefited by the carrying through of the same, where he agreed to indemnify the other against having to bid more than a sum named for the minor's interest.

[Opinion filed January 30, 1893.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE H. KETTELLE, Judge, presiding.

Mr. GEORGE A. DUPUY, for appellant.

No appearance for appellee.

MR. JUSTICE SHEPARD.   The declaration in case, for damages for breach of contract, shows that appellee was the guardian of her brother, John A. Feely, a minor, and that said minor was the owner, in common with appellee and his other brothers and sisters, of certain real estate in Will County, in this State; that appellant was the owner of certain other real estate situated in the city of Chicago; that in April, 1891, upon the request of the appellee, the appellant entered into a contract with the brothers and sisters of said minor, including said appellee, in her own right, for the exchange of said properties, respectively; that the appellee, then and there, as guardian of her said minor brother, undertook and agreed to properly conduct such necessary proceedings in the County Court of Will County as would authorize her, as such guardian, to sell and convey the right, title and interest of said minor, in and to the said real estate in Will County, and undertook and agreed to make such sale at the earliest practicable time after the date of said contract, and to execute such deed as might be authorized by said County Court, and to take all such steps as might

be necessary to secure a decree authorizing the sale of said real estate, so that the appellant might be enabled to become the owner of the entire title to said Will County property; that the appellee has not filed or caused to be filed any petition for the sale of said minor's interest, nor taken any steps, as provided by her said contract, for the purpose of enabling the said County Court to pass upon the question as to whether it will or not order a sale of said minor's interest, but on the contrary, she refuses so to do, wherefore the appellant has suffered large damages, etc.

To the declaration a general demurrer was interposed and sustained and judgment given against appellant for costs.

It is apparent upon the face of the declaration that the moving consideration to the appellee for the alleged agreement upon her part to secure authority to herself as guardian, to sell the interest of her ward in the Will County real estate, was the benefit which would accrue to herself in the exchange of her individual interest in the same land, by an exchange thereof for the property of appellant. Such a consideration and such an agreement tends to corruption, and, because of such tendency, is against public policy.

The cases of Mason v. Wait, 4 Scam. 127, and Mason v. Caldwell, 5 Gilman, 196, relied upon by counsel for appellant to sustain his proposition that a guardian may be held personally liable for a refusal to carry out a contract which the guardian has no power to make, are not in point. In those cases there was no intermingling of the guardian's individual interests with those of her ward.

In the case at bar it clearly appears from the declaration that the inducement to effect a disposal of appellee's own interest in the common estate of herself and her ward, lay at the base of her undertaking to procure authority for, and make a sale of the minor's interest.

Such an agreement is void as being opposed to a beneficent public policy, which forbids a guardian to use the ward's estate for the individual profit of the guardian. The appellant is bound to know the law of the State, and he is entitled to no relief under a void contract to which he has made himself a party. He is as culpable as she.

Were we permitted, against the authority of Hart v. Tolman, 1 Gilm. 1, to go outside the declaration, and examine the copy of the contract upon which the suit is based, and which is attached to the declaration as an exhibit, for the purpose of ascertaining the character of that instrument and the extent of the obligation undertaken by the appellee, we would there discover that she had expressly agreed to indemnify the appellant against his having to bid more than $3,000 for the minor's interest, a proceeding so fraudulent in law, and one to which appellant himself was a party, as to render the contract void for that reason, even though the guardian, appellee, was not individually profiting by the bargain.

The judgment of the Superior Court will be affirmed.

*Judgment affirmed.*